Michael C. Manniello
Peter T. Roach & Associates, P.C.
125 Michael Drive, Ste 105
Syosset, NY 11791
516.938.3100 (x336)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x     Case No.: 14 CIV 6446
MICHAEL THOMAS,
                              Plaintiff,     Briccetti, J.


      - against -

KIRSCHENBAUM & PHILLIPS, P.C.;
ROACH & MURTHA, P.C.;
PETER T. ROACH
                            Defendants.
-----------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO DISMISS COMPLAINT AS AGAINST
# ROACH & MURTHA, P.C. AND PETER T. ROACH


                              Michael C. Manniello (3136)
                              Peter T. Roach & Associates, P.C.
                              125 Michael Drive, Ste 105
                              Syosset, NY 11791
                              516.938.3100 (x336)
                              michael.manniello@roachlawfirm.com

**Syosset, NY**
**October 14, 2014**

## **TABLE OF CONTENTS**

**PAGE**

ISSUES PRESENTED...................................................................................................3

POINT I
THOMAS HAS FAILED TO PROPERLY PLEAD ANY CAUSE OF ACTION
AGAINST EITHER ROACH & MURTHA, P.C. OR PETER T. ROACH . ..........3

CONCLUSION ............................................................................................................6

## ISSUE PRESENTED

     1.    MICHAEL THOMAS has not properly pled any claim against Defendants, ROACH & MURTHA, P.C. and PETER T. ROACH, and therefore each and every claim against those defendants should be dismissed.

## POINT I

### THOMAS HAS FAILED TO PROPERLY PLEAD ANY CAUSE OF ACTION AGAINST EITHER ROACH & MURTHA, P.C. OR PETER T. ROACH

**a) The Complaint fails to comply with FRCP 12(b) 6 in that it does not properly plead any cause of action against either ROACH & MURTHA, P.C. or PETER T. ROACH.**

    FRCP 8(a)(2) requires a "short and plain statement of the claim showing the pleader is entitled to relief." <u>Vicom Inc. v. Harbridge Merchant Services, Inc.</u>, 20 F3d 771, 774 (7th Cir. 1993).  The Complaint does not satisfy this requirement as against either R&M P.C. or Roach.  It does not properly plead a coherent set of facts from which notice of any claim can be gleaned.

    The complaint filed herein is filled with conclusory allegations, ambiguities and contradictions which require dismissal pursuant to FRCP 12(b)6 as requested by the moving defendants.   The Court should not accept as true any of these conclusory allegations.  <u>First Nationwide Bank v. Gelt Funding Corp.</u>, 27 F3d 763

(2nd Cir 19940, *cert den'd* ,513 US 1079 (1995).

**<u>Dismissal as against defendant Roach</u>**

The complaint alleges certain conduct by an attorney allegedly employed by defendant KP&R PC ( a professional corporation) on October 29, 2013 violated the Fair Debt Collection Practices Act (FDCPA).  See Complaint at par 31-33.  However the Complaint also alleges that KP&R "appears to have dissolved at some point before December 3, 2013" (Complaint at par. 15.) and that K&P is the successor to KP&R PC (Complaint at par. 13).  At what point in time defendant Roach was allegedly a partner at KP&R PC is not set forth anywhere in the Complaint.  Moreover, KP&R PC, as demonstrated by its very name is a professional corporation made up of members, not partners. Therefore there is no factual basis establishing that defendant Roach was at KP&R PC in any capacity whatsoever on October 29, 2013 – the date of the offending conduct.

The Complaint alleges that defendant Roach "oversaw the activity of staff at KP&R on plaintiff's collection account and retains such oversight and control of collection activity on the account through R&M." Complaint at par 20.  Again no timeframe is set forth as to when the "oversight and control" occurred.
The Complaint alleges that defendant KP&R PC undertook activity in March of 2014 (Complaint at par. 43) which entirely contradicts the allegation that KP&R PC dissolved at some time prior to December 3, 2014.

4

It has been held that shareholders and employees of "debt collector" corporations who do not otherwise meet the statutory definition of "debt collector" cannot be held personally liable for FDCPA violations of the company. Tito Pollice v. National Tax Funding LP, 225 F3d 379 (3rd Cir. 2000).  While a partner may be jointly liable for debts of the partnership, a member of a professional corporation bears no such responsibility except in unusual situations – none of which have been pled or demonstrated to exists in the case at bar. LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61 (2nd Cir. 1999);  We'Re Assocs. Co. v. Cohen, Stracher & Bloom, P.C., 103 AD2d 130, 478 NYS2d 670 (2nd Dept 1984).

**Dismissal as against defendant Roach & Murtha P.C.**

The only cause of action in the Complaint pled at paragraph 48 recites purported fraudulent conduct associated with submission of an untruthful affirmation on October 30, 2013 by an employee of KP&R.  There is no factual basis connecting this conduct with defendant R&M PC.  The allegation that R&M PC "oversaw activity of staff at KP&R" and purportedly is somehow responsible for FDCPA violations of K&P PC or KP&R PC is illogical and without basis.  No connection between the firms is pled except that Roach at some undetermined point was a "partner" at KP&R PC and then a "partner" at R&M PC.  By the plaintiff's own allegations, those firms are in separate locations in towns miles apart.  No nexus between those firms is pled in any way.

Even if the purported offending conduct did occur at KP&R PC or K&P PC on October 30, 2013, plaintiff cannot prove any set of facts that would entitle him to relief as against R&M PC as a result of that conduct.  <u>Conley v. Gibson</u>, 355 US 41, 78 S.Ct. 99 (1957).

While the Court must construe plaintiff's pleading liberally, the pleading must set forth sufficient information for the Court to determine whether some recognized legal theory exists on which relief could be given the plaintiff.  <u>Barsam v. Pure Tech Int'l, Inc.</u>, 864 FSupp 1440 (SDNY 1994).  No such information is set forth.

## CONCLUSION

For all the foregoing reasons, Plaintiff's complaint should be dismissed in its entirety as against defendants ROACH & MURTHA, P.C. and PETER T. ROACH.

| | |
|---|---|
| **Syosset, NY**<br>**October 14, 2014** | **Respectfully submitted,**<br><br>S/ *Michael C. Manniello*<br>Michael C. Manniello (3136)<br>Peter T. Roach & Associates, P.C.<br>125 Michael Drive, Ste 105<br>Syosset, NY 11791<br>516.938.3100 (x336)<br>michael.manniello@roachlawfirm.com |

6