**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL THOMAS,<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>KIRSCHENBAUM & PHILLIPS, P.C.,<br>ROACH & MURTHA, P.C., and<br>PETER T. ROACH<br><br>　　　　　　Defendants. | **FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>14-CV-6446 (VB) |

### INTRODUCTION

1.　This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2.　Specifically, this action relates to Defendants' illegal and abusive attempts to collect a purported medical debt.

### JURISDICTION AND VENUE

3.　Jurisdiction is conferred by l5 U.S.C. § l692k(d) and 28 U.S.C. § 1331.

4.　Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367.

5.　Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6.　Venue in this District is proper under 28 U.S.C. § 1391 b(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## PARTIES

7.     Plaintiff, Michael Thomas, is a natural person who currently resides in Rockland County, New York.

8.     Mr. Thomas is a consumer as defined by 15 U.S.C. § 1692a(3).

9.     As will be explained in more detail below, the business entity Defendants are debt-collection law firms that each played some part in the collection of the medical debt that Plaintiff is alleged to owe.  Individual Defendant Peter T. Roach, Esq.  is an attorney debt-collector who merged his law-practice with that of Kirschenbaum & Phillips to form Kirschenbaum, Phillips & Roach, PC (KP&R) for a brief time between December 2012 and late 2013/early 2014.

10.    As will also be explained in more detail below, Mr. Roach brought certain collection accounts into KP&R, including Plaintiff's, where, upon information and belief, he maintained control and supervision over those accounts, and then after leaving KP&R, he took the accounts, including Plaintiff's, with him to the newly formed firm of Roach & Murtha in 2014.

11.    Defendant Kirschenbaum & Phillips, P.C. is a New York debt-collection law firm, whose principal purpose is the collection of debts; and it regularly attempts to collect debts alleged to be due to another.

12.    K&P is engaged in the business of collecting debts in this state and maintains its principal place of business at 40 Daniel Street, Suite 7, Farmingdale, New York, 11735.

13.    According to its website, www.collectlaw.com, K&P describes itself as a "New York collection law firm" and "consumer and commercial collection specialists."  Moreover, on that same website, K&P indicates that it has "long and deep roots in the collection industry.  We have effectively blended the energy of a collection agency with the power of a law firm."

14.    In sum K&P is a debt collector as defined in the FDCPA §1692a(6).

15. Based on a review of the New York Secretary of State's website, K&P appears to be a successor firm to the now dissolved partnership of Kirschenbaum, Phillips & Roach, P.C. (KP&R).

16. According to the filings on record with the New York Secretary of State, KP&R appears to have dissolved and reformed as K&P on or about December 3, 2013.

17. KP&R handled the collection of an alleged debt against Plaintiff in 2013 before its dissolution and, based on filings made in the underlying collection action in Rockland County Supreme Court, may have continued to handle the collection through March 2014, even after the dissolution.

18. Defendant Roach & Murtha, PC ("R&M") is a debt-collection law firm, whose principal purpose is the collection of debts; and it regularly attempts to collect debts alleged to be due to another.

19. R&M is engaged in the business of collecting debts in this state and maintains its principal place of business at 125 Michael Drive, Suite 105, Syosset, New York 11791.

20. According to its website, www.roachcollections.com, "[t]he New York collection attorneys at Roach & Murtha have been helping businesses recover debt for more than 35 years" and the firm "is engaged solely in collecting debts."

21. In sum, R&M is a debt collector as defined in the FDCPA § 1692a(6).

22. Peter T. Roach, Esq. is a partner at R&M and was a former partner of KP&R.

23. KP&R was formed in late 2012 by the merger of Peter T. Roach & Associates with Kirschenbaum & Phillips, P.C.

24. According to the information on file with the New York Secretary of State, KP&R filed papers to form its P.C. on or about December 18, 2012; and as stated above, Kirschenbaum &

Phillips filed papers with the Secretary of State reforming without Roach on or about December 3, 2013.

25. According to other information on file with the New York Secretary of State, R&M filed papers to form its P.C. on or about March 18, 2014.

26. Also, in discussions with members of what, at the time, appeared to be the firm of KP&R in January 2014, Plaintiff's counsel was told that Peter T. Roach had left KP&R.

27. Therefore, Plaintiff reasonably believes that Peter T. Roach was a partner at KP&R from at least December 18, 2012 until December 3, 2013, and possibly until as late as March 2014.

28. Moreover, Plaintiff's counsel learned through discussions with members of KP&R staff in 2013, that collection accounts brought in to KP&R by Peter T. Roach were strictly segregated from collection accounts brought in by Kirschenbaum & Phillips.

29. Plaintiff's counsel, through direct conversation and dealings with staff members of KP&R in 2013, was further led to believe that in this segregated state, the Roach collection accounts were handled by specific staff members who previously worked for Peter T. Roach & Associates before the merger with KP&R and therefore continued to work under the control and supervision of Peter T. Roach as part of KP&R.

30. Accordingly, as will be explained in greater detail below, after members of the current firm of Roach & Murtha appeared on behalf of a creditor in the underlying collection account against Plaintiff in Rockland County Supreme Court in 2014, Plaintiff has reasonably concluded that Peter T. Roach maintained oversight and supervision of the collection account against Plaintiff following the dissolution of KP&R.

31. Plaintiff has also reasonably concluded, in the alternative, that R&M, a partnership formed by Timothy Murtha and Peter T. Roach, maintains control and oversight of the Roach

collection cases (such as Plaintiff's) that were segregated and exclusively handled by Peter Roach and/or staff members under his direct control and supervision while a part of KP&R. For example, Mr. Murtha, who had been an associate at Peter T. Roach & Associates prior to the merger with K&P in 2012, was known to Plaintiff's counsel as one of the attorneys at KP&R who handled the segregated Roach collection accounts; and Mr. Murtha, on behalf of R&M, as will be described in detail below, appeared as counsel for the creditor in the underlying collection action against Plaintiff in Rockland County Supreme Court in 2014, following the dissolution of KP&R.

32. Accordingly, having been engaged in the collection of debts for many years and having had direct control and supervision over debt collectors working to collect debts allegedly owed to his creditor clients, Mr. Roach is a debt collector as defined in FDCPA § 1692a(6), and as such, is liable for any violations of the FDCPA committed by himself or members of his staff, regardless of whether he was or is a partner in a law firm formed as a "P.C."

33. Mr. Roach maintains a business address at R&M's office in Syosset, New York.

## **FACTS**

34. On August 30, 2013, the former law firm of Kirschenbaum, Phillips & Roach, P.C., on behalf of Suffolk Plastic Surgeons, filed suit against Mr. Thomas in the Supreme Court of the State of New York, Rockland County seeking $15,120.00 in damages related to emergency hand surgery for Mr. Thomas on October 11, 2011. The lawsuit was titled Suffolk Plastic Surgeons, P.C. v. Michael Thomas, Index No. 34716-2013 ("State Action").

35. KP&R then directed a process server to deliver a summons and complaint to Mr. Thomas at 5 Monsey Heights Road, Monsey, NY, an address where Mr. Thomas did not reside at that time.

36. Though he previously resided there with his aunt, Carol Worthy, Mr. Thomas moved to New Milford, New Jersey in May 2013 and was residing there on the date of alleged service in the State Action.

37. On or about September 14, 2013, a process server attempted service of the summons and complaint at 5 Monsey Heights Road, Monsey, NY.

38. Carol Worthy, the owner of 5 Monsey Heights Road, Monsey, NY 10952, answered the door and spoke with the process server.

39. Ms. Worthy explained to the process server that Mr. Thomas did not reside at her house any longer.

40. The process server told Ms. Worthy that she could still accept the papers for Mr. Thomas.

41. When Ms. Worthy declined to accept anything for Mr. Thomas, the process server told her that the papers would be mailed to her address in any event.

42. Although KP&R had failed to properly serve Mr. Thomas, an attorney at KP&R, Michael Buccino, executed an affirmation on October 29, 2013 in a proposed Default Judgment Order asserting that Plaintiff had been served and that his time to Answer the Complaint had elapsed and further requested that the Rockland County Supreme Court Clerk (the "State Court") enter default judgment against Mr. Thomas.

43. The proposed Default Judgment was filed with the Supreme Court on October 30, 2013 and was entered by the Clerk on October 31, 2013.

44. This attorney affirmation was absolutely false.

45. As the State Court later held, Mr. Thomas was not served.

46. Even if Mr. Thomas was served, and he was not, his time to Answer the Complaint would *not* have expired on October 29, 2013 as Attorney Buccino asserted in his affirmation.

47.     Under New York CPLR § 320, a defendant's time to answer a state court complaint does not expire until 30 days after service is complete, and under CPLR § 308(2) service is complete 10 days after an affidavit of service is filed with the clerk.

48.     KP&R's process server filed an affidavit of service alleging substitute service via Ms. Worthy on September 20, 2013.

49.     Accordingly, had he actually been served, Mr. Thomas would have had until October 30, 2013 to Answer the complaint; and, had he been served, there would not have been a default until October 31, 2013.

50.     KP&R, however, falsely represented to the clerk in its motion for default judgment that the time to Answer had already expired on October 29, 2013.

51.     Moreover, Defendants filed the proposed default judgment with the false affirmation on October 30, 2013 even though Mr. Thomas' time to Answer still had not expired.

52.     Having not communicated with his Aunt for several months after moving to New Jersey, Mr. Thomas did not discover that KP&R had filed a law suit against him until he saw a copy of the summons and complaint upon a visit to Ms. Worthy's house in or about December 2013.

53.     Through counsel, on February 25, 2014, Mr. Thomas moved the Rockland County Supreme Court by Order to Show Cause, for an Order vacating judgment and dismissing the collection action, inter alia, for lack of service.

54.     On March 13, 2014 the law firm of Kirschenbaum, Phillips & Roach, holding itself out as counsel of record for Suffolk Plastic Surgeons, entered into a stipulation to extend that Creditor's time to oppose the Order to Show Cause.

55.     In retrospect, having researched the filings with the New York Secretary of State which reveal that Kirschenbaum & Phillips, P.C. reformed without Peter T. Roach on December 3, 2013,

it is curious that KP&R would still have appeared in collection lawsuits as "KP&R" after December 2013.

56.     On May 30, 2014, however, attorney Timothy Murtha of Defendant R&M submitted opposition papers in the State Action that, *inter alia*, identified Roach & Murtha, PC as the "attorney of record" for Suffolk Plastic Surgeons.

57.     In any event, after a traverse hearing on June 4, 2013, the Rockland County Supreme Court ordered that the Judgment be vacated for lack of service and the case dismissed.

## CAUSES OF ACTION

### Cause of Action I
**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.**

58.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

59.     By undertaking the above referenced collection activities, Defendants violated 15 U.S.C. § 1692 *et seq*.

60.     Specifically and without limitation, Defendants violated the FDCPA by:

   a. Falsely representing a creditor's entitlement to default judgment when the right did not exist in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692e(10).

   b. Submitting a form affirmation in support of default judgment that was signed by an attorney, though the attorney had not conducted a meaningful review of the file or the matters attested to in the affirmation in violation of 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

61.     As a result of Defendant's misconduct, Mr. Thomas has suffered actual damages, including the costs and attorneys fees associated with defending against the illegally obtained default judgment.

62. As a result of these violations, Mr. Thomas is entitled to statutory damages of up to $1,000.00, actual damages, and attorney's fees and costs for this action.

**WHEREFORE,** plaintiff respectfully requests that this Court award:

- (a) Declaratory Judgment that Defendant's conduct violated the FDCPA;
- (b) Actual damages;
- (c) Statutory damages;
- (d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and
- (e) Such other and further relief as law or equity may provide.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: November 10, 2014
New York, New York

Respectfully Submitted,

 /s/   Peter T. Lane
Peter T. Lane, Esq.
Schlanger & Schlanger, L.L.P.
*Attorneys for Plaintiff*
9 East 40th Street, Suite 1300
New York, NY 10016
T:  914-946-1981
F:  914-946-2930
peter.lane@schlangerlegal.com